UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULIE BOSTON,

    Plaintiff,

v.                                                                                   Case No: 6:23-cv-1828-JSS-DCI

SURAT INVESTMENTS, LLC,

    Defendant.
_____/

## **ORDER**

    Plaintiff, Julie Boston, moves for leave to file a second amended complaint and to remand this case to the Circuit Court for the Ninth Judicial Circuit in Orange County, Florida. (Dkt. 30.) Defendant, Surat Investments, LLC, opposes the motion. (Dkt. 32.) Upon consideration, for the reasons outlined below, the court denies the motion.

## **BACKGROUND**

    This action arises out of a slip-and-fall accident that allegedly occurred at the Ambassador Hotel in Orlando, Florida on October 25, 2019. (Dkt. 1-1 ¶¶ 4–7.) On March 21, 2023, Plaintiff initiated this case in the Circuit Court for the Ninth Judicial Circuit in Orange County, Florida, bringing one count of negligence against Defendant. (*Id.* ¶¶ 8–11.) On September 21, 2023, Defendant removed the case to this court based on diversity jurisdiction. (Dkt. 1 ¶¶ 4–6.) On October 12, 2023, this court entered a Case Management and Scheduling Order stating that any motion to join a

party or to amend the pleadings must be made by December 13, 2023, and this deadline "shall not be extended without [c]ourt approval." (Dkt. 19 at 1 (emphasis omitted).) The order further stated that "[a]ll motions for extension of deadlines must be filed promptly and must state good cause for the extension." (*Id.* at 3.)

Plaintiff seeks to add four entities as defendants in her amended complaint. (*See* Dkt. 30.) Plaintiff identified the additional defendants from public record searches she conducted and from Defendant's responses to Plaintiff's interrogatories. (*Id.*) After removal, Plaintiff concluded from her public records search that Sammy's Investments Orlando LLC (formerly known as Sammy's Investments LLC) was the owner of the property where the alleged accident occurred. (*Id.* ¶¶ 21–27.) On October 4, 2023, Plaintiff notified the registered agent for Sammy's Investments Orlando LLC about the accident, and within two weeks, she received a response stating that the business entity no longer existed. (*Id.* ¶¶ 28–29.) Plaintiff served interrogatories to Defendant to inquire into the current ownership of the property and received Defendant's answers and objections on November 22, 2023. (*Id.* ¶¶ 32–33.) Defendant indicated that Sun-Beach Investment Co. was the owner and manager of the property. (*Id.* ¶ 34.) Additionally, in Plaintiff's public records searches, Plaintiff determined that JADVA Investments LLC "should have been named as a Defendant in this case" because JADVA Investments LLC was "operating a company from the Premises" at the time of the accident. (*Id.* ¶¶ 54–59.)

On February 9, 2024, Plaintiff moved for leave to amend her complaint to add Sammy's Investments Orlando LLC as a defendant. (*See* Dkt. 22-1.) After the motion

was denied for failure to comply with Local Rule 3.01(g), (Dkt. 23), Plaintiff submitted another motion for leave to amend on February 14, 2024, (Dkt. 24). The court denied the motion and issued an order to show cause concerning the court's subject matter jurisdiction because it was not clear that the parties were diverse. (Dkt. 25 at 1.) In denying Plaintiff's motion, the court noted that the motion was untimely and that Plaintiff failed to show good cause for an untimely amendment. (*Id.* at 2–3.) On April 10, 2024, the court discharged the order to show cause. (Dkt. 29.)

Plaintiff now moves to amend her complaint to add the following four defendants: Sammy's Investments Orlando LLC, Sammy's Investments LLC, Sun-Beach Investment Co., and JADVA Investments LLC. (*See* Dkt. 30 at 25.) As the proposed defendants are Florida citizens, Plaintiff requests that this case be remanded to state court if the motion to amend is granted. (*Id.* ¶ 65).

## APPLICABLE STANDARDS

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the [s]tate court." 28 U.S.C. § 1447(e). This decision is "committed to the sound discretion of the district court." *Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1356 (S.D. Fla. 2013). "[T]he addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum." *Id.* (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). As such, "the district court should scrutinize a motion to amend to join a non-diverse party . . . and should deny leave to amend unless strong equities

support the amendment." *Id.* (citations omitted).

In considering "whether to permit the joinder of a non-diverse defendant after removal," the Eleventh Circuit has applied the balancing test articulated in *Hensgens*. *See Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 885–86 (11th Cir. 2020) (affirming the district court's denial of plaintiff's motion to amend); *see also Reyes v. BJ's Restaurants, Inc.*, 774 F. App'x 514, 516–17 (11th Cir. 2019) (affirming the district court's application of the *Hensgens* balancing test); *Dever v. Fam. Dollar Stores of Georgia, LLC*, 755 F. App'x 866, 869–70 (11th Cir. 2018) (vacating a district court's judgment based on the district court's application of one of the balancing test factors). In applying the test, courts consider the following factors: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities." *Hickerson*, 818 F. App'x at 885; *see also Hensgens*, 833 F. 2d at 1182; *Small*, 923 F. Supp. 2d. at 1357; *Korman v. Berkshire Life Ins. Co. of Am.*, 615 F. Supp. 3d 1315, 1322 (S.D. Fla. 2022).

## ANALYSIS

To begin with, Plaintiff's motion for leave to amend her complaint is untimely because it was not filed by December 13, 2023; therefore, Plaintiff must establish good cause for granting the motion. (*See* Dkt. 19 at 1–3.) *See* S*osa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause [the plaintiff]'s motion to amend was

filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). Plaintiff fails to establish good cause. As Defendant notes, (Dkt. 32 ¶ 15), Plaintiff does not discuss the good cause standard in her motion, (*see* Dkt. 30). The absence of good cause warrants denial of Plaintiff's motion.

In addition, applying the balancing test adopted by the Eleventh Circuit weighs towards denial of Plaintiff's motion. The first factor focuses on Plaintiff's purpose for the proposed amendment. *See T&G Corp. v. United Cas. & Sur. Ins. Co.*, 552 F. Supp. 3d 1334, 1339 (S.D. Fla. 2021). As a rule, the "mere fact that [a] requested amendment would divest the [c]ourt of its jurisdiction does not, in itself, establish that [the p]laintiff's motive in seeking amendment is to accomplish this aim." *Id.* (quotation omitted). Here, however, Plaintiff seemingly seeks to add defendants to divest this court of jurisdiction so she can litigate her case in what she deems the appropriate forum. (*See* Dkt. 30 ¶ 5 ("This case should not have been removed to [f]ederal [c]ourt and should be remanded to [s]tate [c]ourt"); *see also* Dkt. 32 ¶ 14.) Accordingly, this factor weighs towards denial of the motion.

The second factor considers whether Plaintiff has been dilatory in seeking amendment. *Hickerson*, 818 F. App'x at 886. A plaintiff is dilatory when she "waits an unreasonable amount of time before asking for an amendment." *Id.* In assessing this factor, "the proper focus is . . . on [the p]laintiff's overall delay in bringing [her] claim against the non-diverse defendant." *See Absorbezz LLC v. Hierseman*, No. 19-61442-Civ, 2019 U.S. Dist. LEXIS 236085, at *7–8 (S.D. Fla. Sept. 12, 2019)

(emphasis omitted).  Plaintiff became aware of Sammy Investments Orlando LLC on or before October 4, 2023, (Dkt. 30 ¶ 28) and became aware of Sun-Beach Investment Co. on or before November 22, 2023, when Defendant served its answers to Plaintiff's interrogatories, (*id.* ¶¶ 33–34).  Thus, Plaintiff knew about these entities well before the December 13, 2023, deadline for amending the pleadings.  (Dkt. 19 at 1.)  Moreover, Plaintiff knew about the entities months before she sought leave to amend in February 2024 (Dkt. 22) and filed the instant motion (Dkt. 30).  Because Plaintiff waited months before she moved to amend, the second factor weighs against the motion.  *See Bennett v. BT's on the River, LLC*, No. 1:22-CV-20772, 2023 U.S. Dist. LEXIS 130295, at *7 (S.D. Fla. July 27, 2023) ("[A]lthough [the] deposition [of the requested new defendant] took place three months after the deadline for amendments, had they been diligent, [the p]laintiffs could have sought leave to amend at that point, only three months after the deadline, as opposed to eight months later."); *see also Uselmann v. Allied Prop. & Cas. Ins. Co.*, 588 F. Supp. 3d 1308, 1311 (S.D. Fla. 2022) (concluding that the plaintiffs were not dilatory because they filed their motion "at the earliest practicable time").

Further, as it relates to Plaintiff's undue delay, the court notes that the accident allegedly occurred on October 25, 2019.  (Dkt. 1-1 ¶¶ 4–7.)  Plaintiff apparently waited almost four years to perform her public records searches regarding potential additional defendants.  When the court denied Plaintiff's previous motion to amend, it stated:

> Plaintiff asserts that the amendment is 'due to recent discovery and research' concerning public records related to the property at issue in this case.  Perhaps Plaintiff named the wrong defendant—it seems the

> property might have been transferred to this other company in 2002—and 'further discovery may bear out relevant facts and determinations.' If anything, that is a showing of a lack of diligence by Plaintiff.

(Dkt. 25 at 3 (citations omitted).) The court comes to the same conclusion now. Given Plaintiff's lack of diligence, the court gives the second factor great weight in its decision.

Regarding the third factor, Plaintiff will not be significantly injured if leave to amend is denied. Plaintiff has not shown that full relief is unavailable absent the proposed additional defendants. (Dkt. 32 ¶ 39) ("Plaintiff demanded $1,000,000 to settle her claim. Defendant has twice as much in applicable coverage." (citations omitted)). *See Reyes*, 774 F. App'x at 517 (affirming the denial of a motion to amend a complaint to add two defendants when plaintiffs were "not significantly injured by [the denial of] the amendment because there is no reason that [p]laintiffs could not obtain complete relief against [the original defendant] without the other two defendants."); *see also Small*, 923 F. Supp. 2d at 1358 ("There has been no showing by [the p]laintiff that she will not be able to obtain full relief on her claims in this [c]ourt without the presence of [the proposed] defendant. . . . [T]here has been no suggestion that [the current defendants] would be unable to satisfy a judgment . . . .").

Finally, considering the fourth factor, Plaintiff proposes no equitable factors for the court to consider in determining whether to grant leave to amend the complaint. Nevertheless, "[o]ne important factor to consider in this context is the viability of the plaintiff's new claim against the non-diverse defendant." *Absorbezz*, 2019 U.S. Dist. LEXIS 236085, at *9 (internal quotation marks omitted). Defendant contends that the

premises liability claims that Plaintiff seeks to add against the non-diverse defendants are not viable because those entities did not control access to the property; Defendant did. (Dkt. 32 ¶ 42.) The court agrees with Defendant. It is well settled under Florida law that "the duty to protect third persons from injuries on the premises rests not on legal ownership of the premises, but on the rights of possession, custody, and control of the premises." *See Johnson v. Garrett*, 386 So. 3d 1023, 1027 (Fla. Dist. Ct. App. 2024) (quotation omitted). Defendant concedes in an interrogatory response that "[o]n the date of the incident, Defendant was in possession and control of the subject premises." (Dkt. 30 ¶ 33a (emphasis omitted).) As such, any alleged premises liability related to the slip-and-fall accident would likely be attributed to Defendant and not the proposed defendants.

## CONCLUSION

Upon consideration, Plaintiff's Motion for Leave to File Second Amended Complaint and Motion for Remand (Dkt. 30) is **DENIED**.

**ORDERED** in Orlando, Florida, on August 27, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record